IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JACK D. MCDONALD                                                                         PETITIONER

v.                                        Case No. 4:11CV00676 JMM-JTK


JOHN SELIG, *Director*,
Arkansas Dept. of Human Services and
DR. STEVEN DOMON*, Medical Director*,
ARKANSAS STATE HOSPITAL                                                    RESPONDENTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

<u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District Court

Judge James M. Moody.   Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis for

the objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must be

received in the office of the United States District Court Clerk no later than fourteen (14) days

from the date of the findings and recommendations. The copy will be furnished to the opposing

party.  Failure to file timely objections may result in waiver of the right to appeal questions of

fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must,

at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Pending before the Court is a Motion to Dismiss (DE #13) filed by Respondents. For the reasons explained below, the motion is GRANTED.

On September 8, 2011, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1) In it, Petitioner alleges his civil rights have been violated and that he has been "locked up for 18 ½ years for a terroristic threatening charge I did not even commit." *Id.* at 5. He asserts the following grounds for relief: (1) lack of due process; (2) civil rights violations; (3) medical malpractice; (4) false imprisonment; (5) mail fraud/false information; and (5) unconstitutionality. (Doc. No. 5, at 1-2) Further, he claims that the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar his petition because he has been at the Arkansas State Hospital. (Doc. No. 1 at 12)

On May 14, 2012, Respondents filed their Motion to Dismiss and Brief in Support.  In it, they provide information which indicates Petitioner is in the custody of the Department of Human Services and detained at the Arkansas State Hospital pursuant to an Order Revoking Conditions of Release entered by the Conway (Arkansas) Circuit Court on February 5, 2009.  *See* Ark. Code Ann. § 5-2-316.  (Doc. No. 5, at Exhibit A)

As a matter of comity, the state courts should have the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).  A federal habeas petitioner is thus required to exhaust all available avenues of relief in the state courts before the federal courts will consider a claim.  28 U.S.C. § 2254(b) & (c)  State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented."  *Id.* at § 2254(c).  This requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  In order to exhaust properly, a federal habeas petitioner must "fairly present" all of his claims to the state court.  *See Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996).

Arkansas Code Annotated section 5-2-315(f)(1) (Suppl. 2011) provides that

> any time during the commitment of the person acquitted, a person acquitted, his or her counsel, or his or her legal guardian may file with the circuit court that ordered the commitment a motion for a hearing to determine whether the person acquitted should be discharged from the facility in which the person acquitted is committed.

In the petition, Petitioner admits that he has not exhausted his state remedies.  *Davis v.*

*Campbell*, 608 F.2d 317, 320 (8th Cir. 1979) ("Exhaustion of state remedies is an express requirement of federal habeas corpus relief under 28 U.S.C. s 2254(b)."). Because of that fact and to the extent that the petition can be read to bring cognizable habeas claims, Petitioner cannot be said to have "fairly presented" his claims to the state court, and the petition should be dismissed for failure to exhaust.

Accordingly, for the reasons set forth above, Respondent's Motion to Dismiss (DE #13) is GRANTED. This 28 U.S.C. § 2254 petition for writ of habeas corpus is denied without prejudice for failure to exhaust state court remedies.

SO ORDERED THIS 1st day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE